McGREGOR W. SCOTT
United States Attorney
ANNE PINGS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2785

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:03-CR-103-FCD |
| | ) | |
| Plaintiff, | ) | STIPULATION FOR SETTLEMENT |
| | ) | AND ORDER THEREON |
| v. | ) | RE: REAL PROPERTY AT |
| | ) | 13450 APPLEWOOD WAY |
| DUC KHIEM NGO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This stipulated settlement is entered into between plaintiff United States of America, and Petitioner Joseph Lee, by and through their respective counsel, according to the following terms:

    1.  On February 23, 2005, the Court entered a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest of defendant Duc Khiem Ngo in the following  property:

        a.  Real property located at 13450 Applewood
            Way, Lathrop, California 95330, APN:196-
            650-52.

    2.  Pursuant to 21 U.S.C. § 853(n)(2), third parties asserting a legal interest in the above-described forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

1

1      3.  On May 12, 2005, Joseph Lee filed a Petition For Ancillary Hearing on Forfeiture of Real Property.  Joseph Lee asserts a claim to the above-listed real property as part owner of the property. Joseph Lee asserts that he and Duc Khiem Ngo decided to purchase real property together as an investment.  Joseph Lee further states that the down payment on the above-listed real property was $46,358.49 and that he paid half of the down payment and Duc Khiem Ngo paid half of the down payment. Additionally, Joseph Lee states that his portion of the down payment came from money he had and from money his parents had given him to invest on their behalf.  Joseph Lee further states that he agreed to put title to the property and the loan in his name only, due to Duc Khiem Ngo's bad credit.

      4.  On May 27, 2005, a Stipulation and Order Re Interlocutory Sale of Real Property Subject to Criminal Forfeiture was approved by the Court and filed regarding the real property located at 13450 Applewood Way, Lathrop, California 95330, APN:196-650-52.  The Order provided that the U.S. Marshals Service would sell the real property and pay any liens and expenses in escrow from the gross sales price. The Order further provided that the net sale proceeds would be deposited with the U.S. Marshals Service as the substitute *res*, and held pending further order of the Court.  The U.S. Marshals Service has completed the sale of this real property.

      5.  Plaintiff recognizes that Joseph Lee has a claim for half of the net proceeds from the sale of the real property located at 13450 Applewood Way, Lathrop, California 95330, APN:196-650-52.  The parties desire to settle the claim of Joseph Lee in full as follows:

         a.  Plaintiff United States of America agrees that upon entry of a Final Order of Forfeiture forfeiting the net proceeds as

1  the substitute *res* in lieu of the real property located at 13450
2  Applewood Way, Lathrop, California, the U.S. Marshals Service will
3  pay petitioner Joseph Lee $102,522.82, plus any interest that
4  accrues on that amount.  Payment to Joseph Lee shall be made through
5  his attorney William F. Burns at 699 Peters Avenue, Suite B,
6  Pleasanton, California 94566.
7           b.  The payment to Petitioner Joseph Lee, shall be in full
8  settlement and satisfaction of all claims by Joseph Lee, to the
9  Property indicted by the United States on or about March 6, 2003,
10 and of all claims arising from and relating to the seizure, sale,
11 and forfeiture of the Property.  Petitioner Joseph Lee stipulates
12 and agrees to the entry of a Final Order of Forfeiture authorizing
13 the forfeiture of the balance of the sales proceeds.
14      6.  No final order shall be entered in this action inconsistent
15 with or adverse to any provisions of this stipulation, and to the
16 extent any final order entered in this action is inconsistent with
17 or adverse thereto, such order shall be void as against Joseph Lee.
18      7.  The parties agree to execute further documents, to the
19 extent necessary, to further implement the terms of this settlement.
20      8.  The terms of this settlement agreement are contingent upon
21 forfeiture of the above listed asset to the United States and the
22 Court's entry of a Final Order of Forfeiture.  Further, the terms of
23 this settlement agreement shall be subject to approval by the United
24 States District Court and any violation of any terms or conditions
25 ///
26 ///
27 ///
28 ///

1  shall be construed as a violation of an Order of the Court.
2       9.  All parties will bear their own costs and attorney's fees.
3  DATED: 11/30/05            McGREGOR W. SCOTT
                              United States Attorney
4
5                             /s/ Anne Pings
                              ANNE PINGS
6                             Assistant U.S. Attorney
7
8  DATED: 11/22/2005          /s/ Lee Joseph
                              JOSEPH LEE
9                             Petitioner
10
11 DATED: 11/28/05            /s/ William F. Burns
                              WILLIAM F. BURNS
12                            Attorney for Petitioner Joseph Lee
13                            (Original signatures retained by
                              attorney)
14
15      IT IS SO ORDERED.
16 DATED: December 5, 2005    /s/ Frank C. Damrell Jr.
                              FRANK C. DAMRELL JR.
17                            United States District Judge

4